UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

       v.                                1:11-cr-103

DAVID R. KARPER,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

In March 2011, Defendant was indicted by a grand jury on charges of violating 18 U.S.C. §§ 2252A(a)(2) and 2256(8)(A) (receipt and possession of child pornography). At arraignment, the parties agreed that Defendant could be released pending trial. There was, however, disagreement concerning the conditions of Defendant's pretrial release. In particular, Defendant objected to the provisions of the Adam Walsh Act Amendments to the Bail Reform Act, 18 U.S.C. § 3142, et seq., that required the imposition of home detention and electronic monitoring. 18 U.S.C. § 3142(c)(1)(B) ("In any case that involves a minor victim under section . . . 2252A(a)(2) . . . of this title . . . any release order shall contain, at a minimum, a condition of electronic monitoring and each of the conditions specified at subparagraphs (iv), (v), (vi), (vii), and (viii).") (hereinafter the "Adam Walsh Act Amendments"). Defendant claimed that these mandatory conditions of release violated his rights under the Fifth and Eighth Amendments to the United States Constitution. Magistrate Judge Treece held that the Adam Walsh Act Amendments violated the Due Process Clause of the Fifth Amendment both facially and as applied to Defendant and that it also violated the

Eighth Amendment's Excessive Bail Clause as applied to Defendant. The Government appeals Magistrate Judge Treece's ruling that the Adam Walsh Act Amendments are unconstitutional.

Since Magistrate Judge Treece's ruling, Defendant entered a plea of guilty to the counts in the Indictment. Upon accepting Defendant's plea, this Court imposed conditions of release pending sentencing that included home detention and electronic monitoring. Neither Defendant nor the government oppose those conditions of release. For the following reasons, these facts render the instant appeal moot.

In <u>Murphy v. Hunt</u>, 455 U.S. 478, 102 S. Ct. 1181 (1982), the defendant was charged with various sex crimes involving a child. The defendant was denied bail pursuant to a state statute that proscribed bail for certain sexual offenses. The defendant then challenged the state statute as unconstitutional. The district court dismissed the complaint. On appeal, the Eighth Circuit reversed, finding that the exclusion of violent sexual offenders from bail before trial violated the Excessive Bail Clause of the Eighth Amendment to the United States Constitution. The Supreme Court vacated the judgment of the Eighth Circuit "[b]ecause . . . [the defendant's] constitutional claim to pretrial bail became moot following his convictions in state court. . . ." The Supreme Court explained that:

> In general a case becomes moot "'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" <u>United States Parole Comm'n v. Geraghty</u>, 445 U.S. 388, 396, 100 S. Ct. 1202, 1208, 63 L. Ed.2d 479 (1980), <u>quoting</u> <u>Powell v. McCormack</u>, 395 U.S. 486, 496, 89 S. Ct. 1944, 1950, 23 L. Ed.2d 491 (1969). It would seem clear that under this general rule [the defendant's] claim to pretrial bail was moot once he was convicted. The question was no longer live because even a favorable decision on it would not have entitled [the defendant] to bail. For the same reason, [the defendant] no longer had a legally cognizable interest in the result in this case.

<u>Murphy</u>, 102 S. Ct. at 1183 (footnote eliminated).

By analogy, this case, too, is moot. Defendant's initial challenge was to the terms and conditions of release pending trial pursuant to 18 U.S.C. § 3142. During the course of the government's appeal of the Magistrate Judge's decision, Defendant pled guilty to the charges against him. As such, he was no longer subject to 18 U.S.C. § 3142 (release pending trial), but, rather, 18 U.S.C. § 3143 (release pending sentence). Murphy, 102 S. Ct. at 1183 ("It would seem clear that under this general rule [the defendant's] claim to pretrial bail was moot once he was convicted."). While a release pursuant to § 3143 incorporates § 3142(b) and/or (c), see 18 U.S.C. § 3143(a), the analysis of what conditions to impose and whether the imposition of such conditions is constitutional is necessarily different in light of Defendant's conviction. For example, in ruling upon the constitutionality of the Adam Walsh Act amendments to the Bail Reform Act, Magistrate Judge Treece identified the presumption of innocence as a fundamental principle implicated by the mandatory provisions of the Adam Walsh Act. That presumption is no longer applicable once a defendant has pled guilty. Magistrate Judge Treece also found a risk of an erroneous deprivation of Defendant's rights to freedom of travel, freedom of movement, and the presumption of innocence. Again, having been convicted based upon a guilty plea, Defendant is facing mandatory imprisonment, see 18 U.S.C. § 2252A(b) (imposing a mandatory minimum sentence of 5 years for the receipt or distribution of child pornography), and, therefore, any erroneous risk of depriving Defendant of those interests has been eliminated. Moreover, upon his guilty plea, this Court imposed terms of pre-sentence release including a curfew and electronic monitoring. Neither the government nor Defendant objected to those conditions of pre-sentence release. Thus, whether Court agrees with Magistrate Judge Treece's decision is

irrelevant because a decision by this Court cannot have an affect on Defendant or the government. Accordingly, there is no longer a live controversy.

There is an exception to the mootness rule in cases capable of repetition, yet evading review. Murphy, 102 S. Ct. at 1183. "'[I]n the absence of a class action, the "capable of repetition, yet evading review" doctrine [is] limited to the situation where two elements combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." Here, there is no class action and, because Defendant pled guilty to the charges against him, there is no reasonable expectation or demonstrated probability that Defendant will face the same controversy. While it is conceivable that the government could again face this situation if presented with similar charges and facts in a case before Magistrate Judge Treece, it is the government's burden to demonstrate the applicability of this exception and they did not argue the point. See Libertarian Party v. Dardenne, 595 F.3d 215, 217 (5th Cir. 2010) (burden is on the party seeking application of the exception); Incumaa v. Ozmint, 507 F.3d 281, 289 (4th Cir. 2007) (same); Southern Co. Servs., Inc. v. F.E.R.C., 416 F.3d 39, 43 (D.C. Cir. 2005); Video Tutorial Servs., Inc. v. MCI Telecommunications Corp., 79 F.3d 3, 6 (2d Cir. 1996) (same). It is not clear that, if the same situation is presented, it would evade review. In the instance where a defendant does not plead guilty, but, instead, chooses to go to trial, a finding that the Adam Walsh Act Amendments are unconstitutional would not be moot and subject to review.

For the foregoing reasons, the Court DISMISSES the government's appeal (Dkt. No. 18) as moot.

IT IS SO ORDERED.

Dated: October 5, 2011

_____
Thomas J. McAvoy
Senior, U.S. District Judge