IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

**********************************  Case No.  11-CR-103 (TJM)

UNITED STATES OF AMERICA

GOVERNMENT'S SENTENCING
MEMORANDUM

     v.

DAVID R. KARPER, JR.,

     Defendant.

**********************************

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the defendant be sentenced at the bottom of the advisory guidelines range of 151 to 188 months of imprisonment and be placed on supervised release for a period of at least twenty years.

**I**

**INTRODUCTION**

On September 13, 2011, the defendant entered a guilty plea to one count of receiving child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and one count of possessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B).  The defendant is scheduled to be sentenced on July 17, 2012.

II

APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

1.	**Statutory Maximum and Minimum Sentences**

The defendant's conviction for the receipt of child pornography,[1] in violation of 18 U.S.C. § 2252A(a)(2), subjects the defendant to a statutory maximum term of 20 years imprisonment and a statutory minimum term of five years imprisonment, *see* 18 U.S.C. § 2252A(b)(1); a mandatory term of supervised release of at least five years, *see* 18 U.S.C. § 3583; a fine of $250,000.00, s*ee* 18 U.S.C. § 3571; and forfeiture of a computer with a Hitachi hard drive bearing serial number MC3YW35G, s*ee* 18 U.S.C. § 2253(a).

2.	**Guidelines Provisions**

   a.	**Offense Level**

Under the federal sentencing guidelines, the "base offense level" for the defendant's conviction for receiving child pornography is 22. *See* U.S.S.G. §§ 2G2.2(a)(2) & (b)(1). That level should be increased by 15 levels as a result of the following Chapter Two "specific offense characteristics": the images seized contained prepubescent minors (two levels) *see* U.S.S.G. § 2G2.2(b)(2); the defendant distributed images via file sharing (two levels) *see* U.S.S.G. § 2G2.2(b)(3)(F); the images contained sadistic and masochistic conduct (four levels) *see* U.S.S.G. § 2G2.2(b)(4); the offense involved the use of a computer (two levels) *see* U.S.S.G. § 2G2.2(b)(6); and the offense involved more than 600 images (five levels) *see* U.S.S.G. § 2G2.2(b)(7)(D).

---

[1]Counts 1 and 2 group under the provisions of U.S.S.G. § 3D1.2(d), and the count alleging the receipt of child pornography is the controlling guideline.

### b. Acceptance of Responsibility

The defendant is entitled to a two-level downward adjustment to his offense level for acceptance of responsibility pursuant to U.S.S.G. §3E1.1(a). The government moves for an additional one-level downward adjustment pursuant to U.S.S.G. § 3E1.1(b) to credit the defendant for having "assisted authorities in the investigation and/or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."

### c. Criminal History Category

According to the presentence report, the defendant's criminal history category is one. The government agrees with the Probation Office's determination of the defendant's criminal history category.

### d. Guidelines Range and Sentence

As described above, the total offense level is 34 and the criminal history category is one. This is consistent with the calculations in the presentence report.

As a result of the above-described calculations, the federal sentencing guidelines sections advise that the defendant receive a sentence of 151 to 188 months imprisonment; a fine of $17,500.00 to $175,000.00; and a term of supervised release from five years to life.

### e. Request for a Below-Guidelines Sentence is Not Warranted

The government objects to the imposition of a sentence below the applicable guidelines range. The record reveals no mitigating factors not adequately considered by the Sentencing Commission that would remove this case from the "mine-run" of similar cases, *see Rita v. United*

*States*, 551 U.S. 338, 352 (2007).

**III**

**GOVERNMENT'S SENTENCING RECOMMENDATION**

Based on all of the information before the Court, the government respectfully requests that the Court sentence the defendant to (i) a period of imprisonment at the bottom of the guidelines range of 151 to 188 months; and (ii) at least twenty years of supervised release. The sentence that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes in 18 U.S.C. § 3553(a)(2) for the reasons below.

First, the defendant's crime is serious. (PSR ¶¶ 4-9). Second, a forensic analysis of the defendant's computer and aforementioned hard drive were conducted and over one thirty videos and over two hundred still images, depicting minors engaged in sexually explicit conduct, were recovered. (PSR ¶¶ 8-9). Third, some of the videos or still images depict hard core child pornography including the graphic exploitation and humiliation of a prepubescent female who is bound with rope. (PSR ¶ 18). Such conduct can only be described as torturous. Fourth, although the defendant was not the producer of the images that he received and possessed, his receipt and possession of the images has nonetheless contributed to the exploitation and mental anguish suffered by these children. *See* Victim Impact Statements.

The penalties for receiving and possessing child pornography are justifiably severe. This defendant received and possessed what equates to over a thousand images of child pornography. Each minor in each image is a victim of sexual molestation. The defendant's actions not only furthered the sense of humiliation and exploitation that the children depicted in the images experience, but his actions created additional demand for more victims and continued exploitation.

*See United States v. Miller*, 2011 U.S. App. LEXIS 24634 at *15 (5th Cir. 2011) (affirming a sentence of imprisonment of 220 months where the defendant was convicted of transporting 45 still images and six videos of child pornography in violation of 18 U.S.C. § 2252(a)(1). The Court, in rejecting the defendant's appeal of his sentence, cited to the District Judge's rationale and held that the defendant committed an offense that involved numerous victims: "Every image of a child, every image of a nonadult engaged in any type of sexual activity or any type of pose without clothing or any type of exploitation constitutes an additional case of victimizing a child. Without a demand for that type of information and that type of viewing from persons like this defendant, we don't know how many child abuse cases we could prevent. And as long as there is a demand to purchase images of child pornography, there is going to be an unending stream of child abuse of....children who are forced into these roles)."

As indicated in the PSR, some of the images received and possessed by the defendant have been identified by authorities. The children exploited in the images obtained by the defendant continue to suffer humiliation, anxiety and depression over knowing that their images of sexual exploitation continue to be distributed over the Internet in order to sate the sexual desire of an untold number of twisted individuals. *See* Victim Impact Statements.

Respectfully submitted this 20th day of June, 2012 ,

                RICHARD S. HARTUNIAN
                United States Attorney

By:   *Richard Belliss*
      Richard Belliss
      Assistant United States Attorney
      Bar Roll No. 515295

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 20, 2012, I caused the electronic filing of the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

Tim Austin, Esq.
Assistant Federal Public Defender
39 North Pearl Street, 5th Floor
Albany, NY 12207
*Attorney for David Karper*


Dated: June 20, 2012      /s/ *Richard D. Belliss*
                                      Assistant U.S. Attorney
                                      Richard D. Belliss