UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.

MOSES BRADLEY,

    Defendant.

AFFIDAVIT

11-CR-331(GLS)

STATE OF NEW YORK  :
                          : SS.:
COUNTY OF ALBANY   :

I, **Jeannine Kiebart**, state as follows:

1. That I am a Probation Officer with the United States Probation Office in Albany, New York and have been employed in this capacity since May of 1999. I am the defendant's probation officer and have been serving in this capacity since March 2, 2012.

2. This affidavit is submitted in opposition to the defendant's motion that seeks an order to delete and/or modify the defendant's conditions of supervised release.

3. On November 1, 2011 the defendant pled guilty to one count of failing to update his sex offender registration information, in violation of 18 U.S.C. 2250(a). The defendant's

1

Exhibit D



underlying sex offense was based upon his conviction on March 10, 1997 for violating New York State Penal Law Sections 110.00 and 130.30 (Attempted Rape in the 2nd Degree).

4. On March 2, 2012 the defendant was sentenced by the Court to time served. Additionally, the defendant was sentenced to not only the standard conditions of supervision, but four special conditions of supervision. Special Condition #2 requires the defendant to participate in a mental health program that includes a treatment program for sexual disorders. Special Condition #3 requires the defendant to, among other things, submit to polygraph examinations.

5. Dr. Richard Hamill (Ph.D.) is a clinical psychologist specializing in the evaluation and treatment of adolescent and adult sex offenders. Dr. Hamill is a part of the private practice group Forensic Mental Health Associates located in Albany, New York. Dr. Hamill's curriculum vitae is attached to this affidavit.

6. The U.S. Probation Office has a contract with Dr. Hamill and Forensic Mental Health Associates such that Dr. Hamill provides both evaluations, and if necessary, the treatment of

defendants who are sex offenders and who are being supervised by the U.S. Probation Office. The contract with Dr. Hamill and his practice allow defendants to be evaluated and treated at little or no cost to the defendants. The U.S. Probation Office in Albany does not have a contract with any other clinical psychologists specializing in sexual disorders who also happens to practice in the Capital District.

7. In my experience, defendants referred to Dr. Hamill are first evaluated by Dr. Hamill through a review of pertinent documents and through a combination of tests, an interview and a polygraph. The tests, interview and polygraph serve as a diagnostic tool to assess whether a defendant is in need of mental health treatment, including treatment for a sexual disorder. If a defendant is in need of treatment, Dr. Hamill is responsible for selecting a course of treatment. On occasion, some defendants are evaluated and it is determined that they are not in need of any mental health treatment or treatment for sexual disorders.

8. As of the date of this affidavit, the defendant has undergone the initial evaluation with Dr. Hamill. However, Dr. Hamill has yet to opine on whether the defendant is in need of

treatment, and if he is, what the particular regimen of treatment will consist of.

9. If a defendant, who is a sex offender, is determined not to be in need of a course of treatment, the U.S. Probation Office still requires a defendant to see Dr. Hamill approximately once a year for the administration of a polygraph examination. The use of the polygraph examination is consistent with the "containment approach", which has been clearly identified in the relevant literature as the most effective method of maintaining and monitoring sex offenders in the community. The "containment approach" involves three equally important prongs: (1) sex offender treatment; (2) collaborative supervision/monitoring involving Probation officers, treatment providers, law enforcement agencies, and family members; and (3) consistent utilization of "truth verification" instruments. Polygraph examinations provide information which enables the Probation Office, in conjunction with the treatment provider, to determine compliance with conditions of release and to deter further criminal conduct for the protection of the community. It also helps to provide an added incentive for the offender to furnish truthful testimony to the probation officer regarding his compliance with conditions of release.

It is my understanding that Dr. Hamill does not have a polygrapher employed in his office, but that he does have a business relationship with a professional polygrapher to whom he makes referrals when a polygraph is required or warranted.

_____
Jeannine Kiebart
Probation Officer
United States Probation Office

SWORN TO BEFORE ME THIS

13th day of April, 2012

_____
Notary Public

Amber M. Harrison
Notary Public, State of New York
Qualified in Albany County
No. 01HA6076851
Commission Expires 07/01/2014