# forensic mental health associates

DIRECTOR - RICHARD M. HAMILL, Ph.D.
437 WESTERN AVENUE  ALBANY, N.Y. 12203  (518)489-7971  FAX (518)489-0012

## INTAKE EVALUATION SUMMARY REPORT

Client Name: KARPER, David R. Jr.  (DOB:████/1981)          Date: 11/15/2011

Supervisor/Agency: U.S. Probation Officer Dan Casullo     Dates of intake sessions: 11/01 and 11/08/2011

**Brief Description of Instant Offense:** According to David Karper, on 11/11/2010, a search was conducted and his computer was seized. He stated, "They found me doing my own investigation that they got in the middle of." Background documentation indicated that, on 3/17/2011, Mr. Karper was arrested and charged with knowingly Receiving and Attempting to Receive Child Pornography. He pled guilty to the same charge on 9/13/2011, and is scheduled for sentencing in January 2012.

**Client's stance regarding the offense:**          admits          **partial admission**          denies
David Karper admits to having had child pornography. He doesn't know how many images he had. However, he denied any sexual intent. He claimed that he was conducting an investigation. He provided the following explanation about how he came to be in possession of child pornography. He said his biological daughter's grandmother mailed him a picture of his daughter, at age 7 or 8. Then, in 2007, he received an email from the grandmother, with a link to a page which he couldn't load. Then, the grandmother sent him something else last year saying, "She's been up to her old tricks – check your Limewire." David Karper said the 2007 link was of naked pictures of his daughter, or of pictures of her with males. In 2007, it was alleged that the mother and daughter were undressing and posing on the Internet. Mr. Karper shared that his only wrong-doing was "Just possession and doing police work. The only thing I'm guilty of is doing my own investigation." He denied having done anything wrong. He recalled that he looked for pictures of his daughter "off and on for 7 or 8 months, June (when he was laid off) to October". He thinks he looked at "7 or maybe 8 pictures". He stated, "From what I was told, there's more than that, but I've only seen 7 or 8." Mr. Karper said, "What are they (the agents who are analyzing his computer), frigging pedophiles? I wasn't looking at the pictures - I was looking at the face."

**History of Offense Behaviors:** Mr. Karper doe not have any other sexual offense. His only other legal issue was a Burglary charge from 8/13/1997. He recalled that he and a friend took a motorbike from an abandoned barn. He said that he was caught when he was attempting to return it, per his father's instructions. Asked if he had done anything wrong, he stated, "We cleaned it up and tried to get it running." Asked the same question again, he shared, "We grabbed an abandoned bike. We got in trouble for returning a bike that we grabbed." He was sentenced to 1 year Probation supervision.

**Tests Administered and Results:**
_X_ Standard Battery                                    _X_ Abel Assessment for Sexual Interest
___ Psycho physiological Detection of Deception   _X_ Other (specify) MCMI-III

**Comments on Testing:**
Static 99 (Risk of Sexual Offense Recidivism): LOW   LOW/MOD.   MOD.   HIGH/MOD.   HIGH
Due to the nature of David Karper's offense (internet child pornography) the use of the Static 99 is not applicable.

The viewing time portion of the AASI indicated that David Karper has a primary sexual attraction to Caucasian adult females. On the questionnaire, his scores for Social Desirability and Cognitive Distortion were both in the "highly problematic" range. David Karper's scores were also elevated on the Desirability scale of the MCMI-III, the Lie scale on the MMPI-2, and the Defensiveness scale on the Psychological

Exhibit I

- Page 2 -   KARPER, David R. Jr.  Intake Summary

Screening Inventory.  This would suggest that Mr. Karper answered these tests in a manner intended to provide "acceptable" responses.  That is to say, Mr. Karper may have manipulated his responses to provide an unrealistically positive view of himself, and deny faults and short-comings.  As a result, the findings of the self-report measures had to be disregarded as invalid.  It should be noted that he also had an elevated score on the Compulsive scale of the MCMI-III.

A more in depth assessment and interpretation of the testing will be included in the full written report.

**Treatment Plan/Goals of Treatment**: 1) minimize  risk of sexual re-offense, 2) attempt to help client accept responsibility for his illegal sexual behavior, and 3) assist client in establishing a larger network of friends.

**Additional Comments:**
Mr. Karper appears to be functioning in the borderline range of intellectual ability.

**Recommendation:**
Despite his denial of sexual intent, the evaluation results suggest that Mr. Karper's denial is more likely rooted in his exceptionally high level of defensiveness.  It appears that he experiences great difficulty in being truthful about his faults and short-comings.  He is likely to be resistant to treatment.  However, his use of child pornography appears to be based on the same motivation experienced by most other felons with similar offenses.  It is recommended that he enter into treatment in a specialized sex offender treatment program, such as that offered by Forensic Mental Health Associates.

Richard M. Hamill, Ph.D.
Clinical Psychologist

Kathleen Gibbons, L.C.S.W
Clinical Coordinator