

**U.S. Department of Justice**

*United States Attorney*
*Northern District of New York*

*James T. Foley U.S. Courthouse*
*445 Broadway, Room 218*
*Albany, New York 12207*
*(518) 431-0247*
July 9, 2012

Honorable Thomas J. McAvoy
United States District Judge
Northern District of New York
Federal Building and U.S. Courthouse
15 Henry Street
Binghamton, New York 13901

    Re:    *United States v. David R. Karper, Jr.*
           11-CR-103 (TJM)

Dear Judge McAvoy:

This letter is submitted in response to the defendant's (1) motion to the Court to dismiss Count 2 (Possession of Child Pornography) as a lesser included offense of Count 1 (Receipt of Child Pornography); (2) objections to Probation's scoring of the offense of conviction; and (3) request to either strike paragraphs in the PSR pertaining to the findings/opinions of Dr. Richard Hamill, or in the alternative, to hold an evidentiary hearing in which Dr. Hamill's findings and opinions can be challenged.

### I.  RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNT 2 (POSSESSION OF CHILD PORNOGRAPHY).

The government agrees to move to dismiss Count 2 (Possession of Child Pornography) at the time of sentencing.

## II. RESPONSE TO DEFENDANT'S OBJECTIONS ASSOCIATED WITH THE BASE OFFENSE LEVEL AND THE DISTRIBUTION ENHANCEMENT UNDER U.S.S.G. § 2G2.2(b)(3)(F).

The government maintains that the defendant knowingly distributed images and videos of child pornography via file sharing, and that Probation correctly determined that the base offense level is 22 (and not 20 per U.S.S.G. § 2G2.2(b)(1)), and that a two level distribution enhancement should be applied in accordance with U.S.S.G. §§ 2G2.2(b)(3)(F). The government agrees with the defendant in that for the distribution enhancement to apply there needs to be some evidence that the defendant knew that he was making child pornography files available for downloading by others on the file sharing network. Although the defendant was not specifically asked during his interview with the New York State Police on November 11, 2010 whether he was aware that his computer(s) were sharing files, the evidence suggests, by a preponderance of the evidence, that the defendant was aware of how file sharing works, and that his computer(s) were sharing child pornography files.

In the defendant's written statement given to the New York State Police on November 11, 2010, the defendant wrote that he "installed LimeWire" on one of his computers "around November or December last year." PSR ¶ 7; GE-1. The defendant then went on to describe how, using LimeWire, he acquired files containing child pornography. *Id*. The defendant then wrote that he knew he "was downloading child porn" and that he "moved everything to my playlist folder from my shared folder." *Id*. A review of most, if not all, of the child pornography still images and videos recovered from the defendant's computers were found saved in a folder entitled: Documents and Settings\\Home\\My Documents\\My Music\\ My Playlists. *See* Forensic Discs.

Page 2 of 4

The defendant correctly cites *United States v. Durham*, 618 F.3d 921, 931-32 (8th Cir. 2010) for the proposition that an enhancement for distribution should not automatically be scored because of the mere presence of file sharing software. Dkt No. 42, p. 18. However, *Durham* also permits a fact-finder to reasonably infer a defendant knew that he was distributing child pornography files in the absence of "concrete evidence of ignorance." *See United States v. Glassgow*, 2012 U.S. App. LEXIS 13215, * 5 (8th Cir. 2012) (*quoting Durham*, 618 F.3d at 931-32). The government posits that the defendant's written statement of November 11, 2010 does not show concrete evidence of ignorance, but rather shows that the defendant knew how file sharing worked, knew that he had child pornography files in his shared folder at one point in time, and likely knew that others were acquiring files of child of pornography from him, just as he was knowingly using the same program to acquire files of child pornography from others on the LimeWire network.

### III. RESPONSE TO DEFENDANT'S ARGUMENT TO DISREGARD THE FINDINGS AND OPINIONS OF DR. HAMILL, OR IN THE ALTERNATIVE, TO ORDER AN EVIDENTIARY HEARING.

The government contends that the Court should do in this case what it has previously done in many similar child pornography trafficking cases, and that is, after hearing argument from the defendant, make its own assessment as to the weight, if any, to give to the treatment provider who has administered tests and rendered an opinion on the defendant's dangerousness to the community, likelihood of recidivism, etc. The defendant has presented a very thorough challenge to Dr. Hamill's findings and opinions, and the Court can consider the defendant's argument without the need for an evidentiary hearing.

## CONCLUSION

For the reasons stated above and in the government's sentencing memorandum dated June 20, 2012, the defendant's conduct is properly scored in the PSR and the Court should impose a sentence at the bottom of the guideline range of 151 to 188 months.

If there is anything further you may need, please contact me.

Very truly yours,

RICHARD S. HARTUNIAN
United States Attorney

By:    /s/ *Richard D. Belliss*
Richard D. Belliss
Assistant U. S. Attorney
Bar Roll Number: 515295
United States Attorneys Office
James T. Foley U.S. Courthouse
445 Broadway
Albany, N.Y. 12207
Telephone: (518) 431-0247
Fax: (518) 431-0249
E-mail: richard.belliss@usdoj.gov

cc:   Hon. Lawrence K. Baerman, Clerk
U.S. District Court Clerk, Albany            (Electronic filing)

Tim Austin, Esq.                             (Electronic service)
Office of the Federal Public Defender
39 North Pearl Street, 5th Floor
Albany, New York 12207

Angela Bennett Rodriguez                     (Electronic service)
U.S. Probation Office

11/12/2010 FRI 11:26 FAX                                                                                              ☒002/003

GEN. 19 6/85

**STATEMENT**

STATE OF NEW YORK                                                                              PAGE ONE OF _2_ PAGES

COUNTY OF _SCHENECTADY_                                                                DATED: _NOV 11, 2010_

TOWN OF _PRINCETOWN_

I, _DAVID R. KARPER, JR._ , AGE ▓▓ , BORN ON ▓▓▓▓▓▓ .

AND RESIDING AT ▓▓▓▓▓▓▓▓ _COBLESKILL, NY_ ▓▓▓▓ .

HAVE BEEN ADVISED BY _INV. JEFFREY G. SCHOLZ_ .

OF THE _NEW YORK STATE POLICE_ , OF THE FOLLOWING:

_DK_ — I HAVE THE RIGHT TO REMAIN SILENT, AND I DO NOT HAVE TO MAKE ANY STATEMENT IF I DON'T WANT TO.

_DK_ — IF I GIVE UP THAT RIGHT, ANYTHING I DO SAY CAN AND WILL BE USED AGAINST ME IN A COURT OF LAW.

_DK_ — I HAVE THE RIGHT TO HAVE A LAWYER PRESENT BEFORE MAKING ANY STATEMENT OR AT ANY TIME DURING THIS STATEMENT.

_DK_ — IF I SHOULD DECIDE I DO WANT A LAWYER, AND I CANNOT AFFORD TO HIRE ONE, A LAWYER WILL BE APPOINTED FOR ME FREE OF CHARGE AND I MAY HAVE THAT LAWYER PRESENT BEFORE MAKING ANY STATEMENT.

_DK_ — I ALSO UNDERSTAND THAT I HAVE THE RIGHT TO STOP AT ANY TIME DURING THIS STATEMENT AND REMAIN SILENT AND HAVE A LAWYER PRESENT.

I FULLY UNDERSTAND THESE RIGHTS, AND AT THIS TIME I AGREE TO GIVE UP MY RIGHTS AND MAKE THE FOLLOWING STATEMENT:

x _[signature]_
SIGNATURE

_[signature]_
WITNESS

**GOVERNMENT EXHIBIT 1**

I AM AT THE STATE POLICE STATION IN PRINCETOWN TALKING TO INV. JEFFREY SCHOLZ. INV. SCHOLZ READ ME MY RIGHTS, I UNDERSTAND THEM AND I'M GIVING THIS STATEMENT OF MY OWN FREE WILL. I LIVE IN DORLOO AT ▓▓▓▓▓▓ WITH MY PARENTS AND MY LITTLE SISTER. I'VE LIVED THERE SINCE 1991. NOW MY BEDROOM IS DOWNSTAIRS, DOWN THE HALL FROM THE KITCHEN, THERE IS A DESKTOP COMPUTER IN THE KITCHEN & THE FAMILY USES THE COMPUTER. I INSTALLED LIMEWIRE ON IT AROUND NOVEMBER OR DECEMBER LAST YEAR. THAT'S WHEN I GOT IT. BEFORE THAT I HAD A CHEAP DESKTOP COMPUTER, BUT IT KEPT FREEZING AND DIDN'T HAVE ENOUGH MEMORY. ABOUT THREE YEARS AGO OR SO, I'M GUESSING, I GOT POP-UP EMAILS AND PICS AND CLICKS TO DIFFERENT PORN SITES. I TRIED GOING TO THEM BUT COULDN'T GET TO THEM. THE PICTURES WOULDN'T

11/12/2010 FRI 11:26 FAX                                                              ☒003/003

## STATEMENT CONTINUATION SHEET

PAGE 2 OF 2 PAGES

NAME: DAVID R. KARPER. JR.            DATE: NOV 11, 2010

LOAD. THE ONLY ONES I COULD SEE WERE ONES THEY SENT TO MY EMAIL. I THINK I MISS-CLICKED ONCE AND SOME DIFFERENT STUFF CAME UP. ~~I THINK SHE WAS 17 OR 16, AROUND MARCH OF THIS YEAR,~~ IN THE BEGINNING, IN THE WINTER, I SAW YOUNGER STUFF. I WAS DOWNLOADING MUSIC AND IT CAME UP AND I CLICKED IT BECAUSE I WAS CURIOUS AND THAT'S HOW IT ALL STARTED. I DON'T REMEMBER WHAT IT WAS EXACTLY, BUT I CLICKED ON A CARL-SOMETHING-JUNIOR SITE, I DON'T REMEMBER WHAT ITS CALLED. THEY WERE PICS OF LITTLE KIDS, GIRLS SITTING AROUND NAKED. IT WAS ALL SCREWED UP. IT WAS ONE DAY BECAUSE I WAS CURIOUS. THE 14 OR 15 YEAR OLDS EXCITED ME A LITTLE BECAUSE THEY WERE CUTE. I DIDN'T EVEN BELIEVE IT. I HAVE NO IDEA HOW MANY PICS AND VIDEOS OF CHILD PORN I HAVE ON MY COMPUTER, MAYBE 2000 OUT OF ALL OF THEM INCLUDING ADULT PORN. I KNEW I WAS DOWNLOADING CHILD PORN BUT I WAS CURIOUS. I MOVED EVERYTHING TO MY PLAYLIST FOLDER FROM MY SHARED FOLDER. I DIDN'T DELETE IT, I WAS AN IDIOT! THERE WERE FIREWORKS IN MY HOUSE TODAY AND THEY ARE MY DAD'S. HE GOT THEM IN OHIO. I HAVE READ THIS STATEMENT AND IT IS TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE. INV. SCHULZ HAS INFORMED ME THAT MAKING A FALSE STATEMENT IS A CRIME.

11/11/10  2:53pm